Filed 3/10/26  In re Isabella L. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re ISABELLA L., A Person Coming Under the Juvenile Court Law. | B345314 |
| ———————————————— | (Los Angeles County Super. Ct. No. 25CCJP00023A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| FERNANDO L., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig S. Barnes, Judge.  Dismissed.

Mary Manuel, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Melineh Hatamian, Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Fernando L. appeals from the juvenile court's jurisdiction findings that his infant daughter, Isabella L., is a person described by Welfare and Institutions Code section 300, subdivision (b)(1).[1]  Fernando argues substantial evidence did not support the court's finding his substance abuse placed his newborn daughter, Isabella L., at risk of serious physical harm or illness.  Fernando does not challenge other jurisdiction findings based on substance abuse by Melissa U., Isabella's mother, and Melissa did not appeal from the jurisdiction findings.  In the meantime, while this appeal was pending, the juvenile court terminated its jurisdiction, leaving Isabella in the custody of Fernando and Melissa, and Fernando did not appeal from the order terminating jurisdiction.  Because we cannot provide Fernando any effective relief, we dismiss this appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2025 the juvenile court sustained a petition filed by the Los Angeles County Department of Children and Family Services under section 300, subdivision (b)(1).  The court found true allegations that Melissa's substance abuse placed Isabella at

_____

[1]     Statutory references are to the Welfare and Institutions Code.

2

risk of serious physical harm or illness; that Fernando failed to protect Isabella from Melissa's substance abuse; and that Fernando's substance abuse placed Isabella at risk of serious physical harm or illness.

The court released Isabella to her parents and ordered Isabella to live with Melissa in the home of Isabella's maternal grandmother or other housing approved by the Department. The court ordered Melissa and Fernando to complete drug and alcohol programs, parenting classes, and individual counseling. Fernando timely appealed from the court's jurisdiction findings.

At the section 364 judicial review hearing in September 2025 the juvenile court terminated its jurisdiction over Isabella.[2] Fernando did not appeal from the order terminating jurisdiction.

## DISCUSSION

### A. *Applicable Law*

"Juvenile dependency appeals raise unique mootness concerns because the parties have multiple opportunities to appeal orders even as the proceedings in the juvenile court proceed." (*In re N.S.* (2016) 245 Cal.App.4th 53, 59.) The "'critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.'" (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163 (*Rashad D.*); accord, *In re S.R.* (2025) 18 Cal.5th 1042, 1051 (*S.R.*); *In re D.P.* (2023) 14 Cal.5th 266, 275

---

[2] We grant the Department's request for judicial notice of the juvenile court's September 18, 2025 order. (See Evid. Code, §§ 452, subd. (d), 459.)

(*D.P.*).)  An "appeal may become moot where subsequent events, including orders by the juvenile court, render it impossible for the reviewing court to grant effective relief."  (*In re E.T.* (2013) 217 Cal.App.4th 426, 436; see *S.R.*, at p. 1051.)  "'For relief to be "effective," two requirements must be met.  First, the plaintiff must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks.'"  (*S.R.*, at p. 1051; see *D.P.*, at p. 276.)  "'"When no effective relief can be granted, an appeal is moot and will be dismissed."'"  (*In re J.A.* (2020) 47 Cal.App.5th 1036, 1050-1051.)

In addition, the "principle that '[d]ependency jurisdiction attaches to a child, not to his or her parent' [citation], means that "'[a]s long as there is one unassailable jurisdictional finding, it is immaterial that another might be inappropriate'" [citation].  Thus, where jurisdictional findings have been made as to both parents but only one parent brings a challenge, the appeal may be rendered moot."  (*D.P.*, *supra*, 14 Cal.5th at pp. 283-284; see *In re Jayden A.* (2025) 111 Cal.App.5th 1334, 1343.)

Even where a case is moot, however, the reviewing court has "'inherent discretion'" to reach the merits of an appeal.  (*D.P.*, *supra*, 14 Cal.5th at p. 282; see *S.R.*, *supra*, 18 Cal.5th at p. 1052.)  In deciding whether discretionary review of a moot case is appropriate, the reviewing court may consider, among other factors, "whether the challenged jurisdictional finding 'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,' or "'could have other consequences for [the appellant], beyond jurisdiction."'"  (*D.P.*, at p. 285.)

B.     *Fernando's Appeal Is Moot, and Discretionary Review Is Not Warranted*

Fernando argues substantial evidence did not support the juvenile court's finding his substance abuse endangered Isabella. Fernando's appeal, however, is moot for two reasons.

First, because neither Fernando nor Melissa appealed from the juvenile court's jurisdiction findings based on Melissa's substance abuse, even if we reversed the finding based on Fernando's substance abuse, the juvenile court would still have jurisdiction over Isabella.  Therefore, we cannot provide Fernando effective relief, and his appeal is moot.  (See *D.P.*, *supra*, 14 Cal.5th at p. 283; see, e.g., *In re M.C.* (2023) 88 Cal.App.5th 137, 150-151 ["'Because the juvenile court assumes jurisdiction of the child, not the parents, jurisdiction may exist based on the conduct of one parent only.'"]; *In re Madison S.* (2017) 15 Cal.App.5th 308, 328-329 [appeal from a jurisdiction finding under section 300, subdivision (b), was nonjusticiable where the mother did not challenge a finding under section 300, subdivision (j)].)

Second, while this appeal was pending, the juvenile court terminated its jurisdiction over Isabella.  To reverse the jurisdiction findings, as Fernando requests, we would also have to reverse the subsequent order terminating jurisdiction. Because Fernando did not appeal from the order terminating jurisdiction, that order is "not now before us or otherwise subject to appellate review."  (*In re Gael C.* (2023) 96 Cal.App.5th 220, 223-224; see *Rashad D.*, *supra*, 63 Cal.App.5th at p. 164.)  We do not have jurisdiction to review the order terminating jurisdiction, and "the juvenile court has no jurisdiction to conduct further hearings in the now-closed case." (*Rashad D.*, at p. 164.)

Fernando argues we should exercise our discretion to reach the merits of his (moot) appeal because the juvenile court's jurisdiction finding "could be used against [him] in future dependency proceedings and could affect his rights (including . . . placement, reunification services, or parental rights)." The possibility the jurisdiction finding could be used against Fernando in possible future proceedings is too speculative to justify discretionary review of his moot appeal. (See *D.P.*, *supra*, 14 Cal.5th at p. 278 [speculative future harm is insufficient to avoid mootness]; *Rashad D.*, *supra*, 63 Cal.App.5th at p. 164, fn. 5 [argument "the jurisdiction finding might influence the [child protective agency's] decision to file a new dependency petition at some point in the future . . . is too speculative to justify appellate review of an otherwise moot case"]; *In re I.A.* (2011) 201 Cal.App.4th 1484, 1495 [the possibility jurisdiction findings would affect future dependency proceedings was "speculative" because future orders "would require evidence of present detriment, based on the then prevailing circumstances of parent and child"]; see also *In re Miguel J.* (2025) 114 Cal.App.5th 635, 649 [father's argument "the jurisdictional findings in this case might be misinterpreted in a hypothetical future case is purely speculative"].)

## DISPOSITION

The Department's request for judicial notice is granted. The appeal is dismissed as moot.


SEGAL, J.


We concur:



MARTINEZ, P. J.



STONE, J.